IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEAH T. PUGH by             :
OWEATER PUGH,           :
                            :
    Plaintiff,          :
                            :
vs.                    :   CIVIL ACTION 02-0465-M
                            :
JO ANNE B. BARNHART,     :
Commissioner of          :
Social Security,       :
                            :
    Defendant.         :

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 31) and Defendant's pleading filed on January 12, 2006, in which she states that no objection would be filed (Doc. 32). After consideration of all pertinent materials in the file, it is **ORDERED** that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney, Wendy A. Pierce, be and is hereby **AWARDED** a fee of $4,862.50 for her services before the Court.

Plaintiff hired Ms. Pierce on April 19, 1999, to pursue her claim for Supplemental Security Income benefits after her claim was denied initially and at the hearing level. At that time, it was agreed that Ms. Pierce would receive 25 percent of past-due benefits paid to Plaintiff. A written contingent fee agreement

was executed by Plaintiff on July 29, 2005 (Doc. 31, Ex. C).

For the past approximately 6 years and 9 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for Supplemental Security Income Benefits on April 20, 1999, which application was denied initially upon reconsideration and at the hearing level on May 25, 2000.  On July 24, 2000, Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which request for review was denied by the Appeals Council on April 19, 2002.

After denial of her application for Supplemental Security Income benefits by the SSA, Plaintiff filed this action on June 21, 2002, for judicial review of that decision (Doc. 1).  See 42 U.S.C. §405(g).  The Court heard from counsel at a hearing on August 25, 2003, and, on August 27, 2003, a Memorandum Opinion and Order and Judgment were entered in which the decision of the Commissioner was reversed and this action remanded to the Social Security Administration for further administrative proceedings consistent with the Memorandum Opinion (Docs. 25 and 26).

Pursuant to this Court's Order, a hearing was held on June 2, 2005, after which the ALJ issued a Fully Favorable Decision on June 24, 2005, finding Plaintiff disabled since April 20, 1999, and awarding benefits under Title XVI of the Social Security Act. The Social Security Administration issued a Notice dated November

2

5, 2005, stating that the total amount of Plaintiff's past-due benefits was $40,650.00 and informing her that her attorney was authorized to charge the amount of $5,300.00 for services rendered at the administrative levels (Doc. 31, Ex. B).  Adding the $5,300.00 administrative attorney fee to the $4,862.50 attorney fee requested in this Petition results in a total fee request of $10,162.50, which amount equals twenty-five percent of Plaintiff's past-due benefits.

On December 29, 2005, Ms. Pierce filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $4,862.50 (Doc. 31). Ms. Pierce spent a total of 12.5 hours before this Court and has represented Plaintiff before this Court since 2002, when the complaint for judicial review was filed, without compensation for her time spent before this Court (Doc. 31).  Defendant has filed no objection to the requested fee (see Doc. 32).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged to the client, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement.  Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986).  Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

the fact that counsel requests court approval of the fee, and
given the purpose of Title XVI, which is to provide benefits to
financially needy individuals who are aged, blind, or disabled,
regardless of their insured status, the undersigned is of the
opinion that the Court should consider whether the fee requested
is reasonable and specifically authorize counsel's withdrawal of
such a fee from a trust or escrow account.

    Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322
(11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789,
122 S.Ct. 1817(2002)(decided May 28, 2002), previously required
the "lodestar" method, under which the number of hours reasonably
devoted to the action was multiplied by a reasonable hourly fee,
to be the starting point and centerpiece for the courts in
calculating reasonable § 406(b) fees.  The existence of a
contingent-fee agreement was just one of a number of different
factors to be considered in adjusting the lodestar amount upward
or downward.  Id. at 1327.

    The Supreme Court in Gisbrecht, in resolving the division
among the circuits on the appropriate method of calculating fees
under § 406(b), concluded that Congress designed § 406(b) to
control, not to displace, fee agreements between Social Security
benefit claimants and their counsel, Id. at 1817, and that "§
406(b) does not displace contingent-fee agreements as the primary
means by which fees are set for successfully representing Social

Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases".  Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  Id. at 1822.

Ms. Pierce filed an Application for Attorney's Fees Under Equal Access to Justice Act on November 17, 2003 (Doc. 27).  After consideration of that motion, as well as Defendant's Response to

Plaintiff's Application for Attorney Fees Under the EAJA (Doc. 28), the Court entered a Memorandum Opinion and Order and Judgment awarding Plaintiff's counsel an EAJA fee in the amount of $1,562.50 on November 25, 2003 (Docs. 29, 30).  In the present Petition for Authorization of Attorney Fees, Ms. Pierce acknowledges that an attorney's fee awarded under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset by previous attorney's fees awarded under EAJA, which in this instance is $1,562.50.

The Supreme Court in <u>Gisbrecht</u> did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  <u>See</u>, *e.g.*, <u>McGuire V. Sullivan</u>, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); <u>Lewis v. Secretary of Health and Human Servs.</u>, 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the

attorney will not profit from the
accumulation of benefits during the pendency
of the case in court.  <u>See</u> <u>Rodriquez v.</u>
<u>Bowen</u>, 865 F.2d 739, 746-747 (C.A.6 1989).
If the benefits are large in comparison to
the amount of time counsel spent on the case,
a downward adjustment is similarly in order.
<u>See</u> *id.*, at 747 (reviewing court should
disallow "windfalls for lawyers"); <u>Wells v.</u>
<u>Sullivan</u>, 907 F.2d 367, 372 (C.A.2
1990)(same).  In this regard, the court may
require the claimant's attorney to submit,
not as a basis for satellite litigation, but
as an aid to the court's assessment of the
reasonableness of the fee yielded by the fee
agreement, a record of the hours spent
representing the claimant and a statement of
the lawyer's normal hourly billing charge for
noncontingent-fee cases.  <u>See</u> <u>Rodriquez</u>, 865
F.2d at 741.  Judges of our district courts
are accustomed to making reasonableness
determinations in a wide variety of contexts,
and their assessments in such matters, in the
event of an appeal, ordinarily qualify for
highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the
contingency percentage is over the 25 percent cap, where there is
evidence of fraud or overreaching in making the agreement, or
where the requested amount is so large as to be a windfall to the
attorney.  <u>Wells</u>, 907 F.2d at 372.  A district court, upon
finding the contingent-fee agreement provides for an unreasonable
fee, may reduce the fee provided it states reasons for and the
amount of the reduction.  <u>Id</u>. at 372.

Therefore, it appears that the Supreme Court intends the
district courts to give great deference to the contingent-fee

8

agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Ms. Pierce has diligently represented Plaintiff since 2002 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Ms. Pierce contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Ms. Pierce.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $4,862.50 is reasonable for the services rendered before this Court.

Therefore, it is **ORDERED** that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee of $4,862.50 for her services before this Court and that Ms. Pierce refund to Plaintiff the sum of $1,562.50, which sum represents the EAJA fee she was awarded.

DONE this 26th day of January, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE